IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE FRANCIS RIOS | § | |
|     TDCJ-CID #1603160 | § | |
| v. | § | C.A. NO. C-09-353 |
| | § | |
| OFFICER TATMAN, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's § 1983 claims against defendants be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is further respectfully recommended that his state law negligence claims be dismissed without prejudice.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Garza East Unit in Beeville, Texas. He filed this action on December 22, 2009, alleging that he was injured while in custody at the Nueces County Jail when a pot of cooking rice boiled over and burned his right foot and leg. (D.E. 1). Plaintiff named as defendants Officer Tatman, who was working in the kitchen at the time of the incident, and Nueces County, arguing that the county had failed to train its employees to respond properly to medical emergencies. (D.E. 1).

A Spears[1] hearing was conducted on January 6, 2010. The following allegations were made in plaintiff's original complaint, or at the hearing.

On October 9, 2009, plaintiff was working in the kitchen of the Nueces County Jail, along with two other inmate-trustees, cleaning up after lunch. After he cleaned the last pot, he began to walk out of the kitchen; however, he then noticed that the other two trustees were cooking. Plaintiff asked Officer Tatman if he should assist them in cooking. Officer Tatman told plaintiff to "go ahead," and "to make it quick."

Plaintiff walked over to where the other inmates were working, near the over-sized pots that were filled with boiling water. He poured a box of rice into one of the pots, and, as he did so, the rice boiled over, sending scalding hot water down plaintiff's right leg and onto his foot. At the time, plaintiff was wearing his county-issued boots that prevent slipping, and he was unable to kick the boot off quickly. As a result, he suffered second-degree burns on his foot and leg. His foot hurt so much that he could not walk on it. He hopped over to where Officer Tatman was standing and sat down near the kitchen doors. Officer Tatman just stood there looking shocked, and he asked if there would be an incident report.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

About five minutes later, a kitchen staff member came to plaintiff and put cold mustard on his foot, and wrapped it. Five to ten minutes later, Officer Tatman escorted plaintiff to the infirmary. The medical staff told him that the mustard had made his burn worse by "keeping the heat in." His foot was cleaned and re-wrapped with gauze. He was then transported to Christus Spohn Hospital where he was treated further for second-degree burns.

  Plaintiff testified that he should not have been allowed to assist with food preparation as he was not authorized to do so. In fact, no trustee is authorized to cook; only the free world employees do so. He claims that Officer Tatman should not have let him join the other inmates who were cooking. He further asserts that Officer Tatman failed to take him to the infirmary immediately following the burning of his foot, instead escorting him to the infirmary 10 to 15 minutes after the incident. Finally, plaintiff alleges that Nueces County failed to properly train Officer Tatman to prevent inmates from doing jobs they were not authorized to perform and to properly respond to medical emergencies.

  Plaintiff is seeking damages for the pain he suffered, and continues to suffer, from the incident.

## III.  DISCUSSION

A. **Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

B. **Plaintiff Fails To Establish A Claim Of Deliberate Indifference To His Serious Medical Needs By Officer Tatman.**

The Eighth Amendment prohibits conditions that "result[] in unquestioned and serious deprivations of basic human needs" or that "deprive inmates of the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S.

337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992). That is, a deprivation must be sufficiently serious to violate the Eighth Amendment. Hudson, 503 U.S. at 9 ("only those deprivations denying the 'minimal civilized measure of life's necessities,' are sufficiently grave to constitute cruel and unusual punishment") (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

In order to state an Eighth Amendment claim for denial of adequate medical treatment, a prisoner must allege that the official acted with deliberate indifference to serious medical needs. Wilson, 501 U.S. at 303; Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam). "Deliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Deliberate indifference encompasses more than mere negligence on the part of prison officials. Farmer v. Brennan, 511 U.S. 825, 837 (1994). It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Id. Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is well

6

established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim.").

In this case, plaintiff claims that Officer Tatman should not have allowed him to approach the pots filled with boiling water, or to attempt to cook the rice because he was not authorized to do so. However, he admitted that two other trustees were already in the cooking area preparing food. In addition, Officer Tatman did not order plaintiff to go cook, but simply permitted him to do so upon plaintiff's own request. There is no evidence that Officer Tatman believed the cooking area to be dangerous yet ordered plaintiff into that area or to cook. At best, Officer Tatman was negligent in allowing the inmates to enter the cook area and in not stopping them from cooking. However, negligence is not actionable in a § 1983 action. There is no evidence that Officer Tatman was aware of a serious risk to plaintiff's safety yet ignored that risk.

Plaintiff also claims that Officer Tatman just stood there "in shock" following the accident, and did not render first-aid or take him to medical immediately. However, he admitted that another kitchen worker began administering aid within the first five minutes of the accident, and when the kitchen worker was done, Officer Tatman escorted plaintiff to medical. Although it may have been more prudent to immediately escort plaintiff to medical rather

than let the kitchen worker provide first-aid, there are no facts to suggest that Officer Tatman ignored a serious medical need. Plaintiff's injury was tended to and treated, and active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.

Accordingly, it is respectfully recommended that plaintiff has failed to state a deliberate indifference claim against Officer Tatman and that this claim should be dismissed.

## C. Plaintiff's Claim Against Nueces County For Failure To Train Is Without Merit.

Plaintiff claims that Nueces County failed to train its officers to respond properly to a medical emergency.

A county qualifies as a "person" subject to liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & n.54 (1978). However, as a unit of local government, Nueces County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of *respondeat superior*. Id. at 691. A municipality such as Nueces County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. Id. at 694. Thus, in addition to the underlying claim of a violation

of rights, municipal liability under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted).

An alleged failure to train employees can reflect a policy for purposes of liability under § 1983 where the failure to train represents a deliberate or conscious choice by a municipality. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). Thus, "a municipality can, in some circumstances, be held liable under § 1983 'for constitutional violations resulting from its failure to train municipal employees.'" Collins v. City of Harker Heights, Tex., 503 U.S. 115, 122 (1992) (quoting City of Canton, 489 U.S. at 380). The Fifth Circuit has explained that "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy." Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." Id.

Here, plaintiff fails to allege any facts to suggest that Nueces County has a practice or policy of failing to train its officers to respond properly in an emergency. Indeed, a kitchen staff worker attempted to help plaintiff by placing a cool substance on the burn, and Officer Tatman escorted plaintiff to the infirmary

9

shortly after the accident. Plaintiff admitted that he had not heard of other inmates being injured in the kitchen, nor was he aware of other episodes in which inmates alleged they did not receive timely and appropriate medical care. Thus, plaintiff offers no evidence to suggest that there is a persistent practice of inmates not receiving appropriate emergency medical care. Accordingly, it is respectfully recommended that he fails to state a claim against Nueces County for failure to train, and that this claim be dismissed.

**D.     Plaintiff's Negligence Claims Should Be Dismissed Without Prejudice.**

At most, plaintiff has stated a claim of negligence against defendants. Negligence does not form the basis for § 1983 liability. Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) (per curiam) (citations omitted). It is respectfully recommended that these claims be dismissed without prejudice to plaintiff pursuing those claims in state court should he so desire.

### IV.  RECOMMENDATION

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Accordingly, it is respectfully recommended that plaintiff's § 1983 claims for damages be dismissed for failure to state a claim and as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is further respectfully recommended that, to

the extent plaintiff raised any state law claims, those claims be dismissed without prejudice.

Finally, it is respectfully recommended that, because this is a dismissal pursuant to 28 U.S.C. § 1915(g) (a "strike" for frivolous filing), that the Court instruct the Clerk to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 22nd day of January 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).